IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUANN CLOPTON and § | | |
| DAWN M. McGURY, § | | |
| § | | |
| v. § | | A-13-CV-205-LY |
| § | | |
| ANIMAL HEALTH INTERNATIONAL, § | | |
| INC. f/k/a/ LEXTRON. § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Traditional Motion for Summary Judgment Against Plaintiff Dawn M. McGury (Dkt. No. 29). Plaintiff has failed to file a Response, despite the Court granting McGury's motion for additional time to file a response (Dkt. No. 32). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I.   GENERAL BACKGROUND

This is a sexual harassment and gender discrimination case. Plaintiffs Suanne Clopton ("Clopton") and Dawn McGury ("McGury") are former employees of Defendant Animal Health International ("Animal Health"). The present motion related solely to the claims brought by McGury. Animal Health is a distributor of animal health products, and McGury worked as a purchasing manager in Animal Health's Lago Vista, Texas office from July 7, 2007, until she resigned on March 11, 2011. McGury alleges that she was sexually harassed while employed at Animal Health and that she reported this harassment to various managers, but nothing was done. McGury alleges she ultimately resigned from Animal Health because of the ongoing harassment.

McGury brings her claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. She alleges she was constructively discharged due to sexual harassment.

Animal Health has submitted undisputed summary judgment evidence that it entered into a Release and Waiver Agreement ("Release") with McGury in exchange for $1,612.00, validly releasing all the claims McGury now brings in the instant suit. McGury has submitted no evidence in response.

## II. SUMMARY JUDGMENT STANDARD

When a party moves for summary judgment, the reviewing court shall grant the motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts on questions of fact must be resolved in favor of the party opposing summary judgment. *See Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001) (citation omitted).

By not filing a response, McGury has failed to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). Notwithstanding a party's failure to respond, summary judgment should not be automatically granted in favor of the movant. *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985). The burden still rests with the movant to establish the absence of a genuine issue of material fact.

## III. RELEASE OF CLAIMS

Animal Health moves for summary judgment on McGury's claims based on the release between the parties. Federal law governs the release of federal claims. *See Ingram Corp. v. J. Ray McDermott & Co.*, 698 F.2d 1295, 1316 n. 27 (5th Cir. 1983) (construing a release of antitrust and RICO claims); *Kessell v. Mega Life & Health Ins. Co.*, No. 3:03–CV–2788N, 2005 WL 383700

(N.D. Tex. Feb.15, 2005). A release of claims under Title VII ordinarily does not violate public policy and can be enforced if it is made knowingly and voluntarily. *Smith v. Amedisys Inc.*, 298 F.3d 434, 441 (5th Cir. 2002). To enforce such a release, an employer bears the burden of demonstrating that its former employee signed a release addressing the claims at issue, received adequate consideration, and subsequently breached the release. *Id.* (citing *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir.1994)). The burden then shifts to the employee to show that the release was invalid due to fraud, duress, material mistake, or some other defense. *Smith*, 298 F.3d at 441.

> The Release signed by McGury states in relevant part:
>
> Section C - Release of Lextron and Covenant Not To Sue. In consideration for the payment set out in Section B above, ***you agree to forever, unequivocally and unconditionally release from and covenant not to sue or assert against Lextron any and all causes of action, whether at law or in equity, pertaining to or arising from the employment relationship of the parties and the termination of such employment relationship*** based in whole or in part upon any act or omission occurring on or before the date of this Agreement, whether negligent or intentional without regard to your present actual knowledge of the act or omission. The Release does not affect your right to file a charge with or participate before the Equal Employment Opportunity Commission. However you agree that in the event you bring a claim covered by the foregoing release in which you seek damages or other remedies against Lextron or in the event you seek to recover against Lextron in any claim brought by a government agency on your behalf, this agreement shall serve as a complete defense to such claims and that you are expressly waiving the right to recover damages and attorney's fees from any such proceeding.

Dkt. No. 29-1 at Exh. M (emphasis added). Animal Health has further submitted summary judgment evidence that McGury deposited a check for $1,402.46 (reflecting withheld taxes in the amount of $209.54) on May 18, 2011. *Id.* at Exh. N. McGury has submitted no evidence of fraud, duress, material mistake, or any other defense that would render the Release invalid.

The Release cited above unambiguously releases McGury's Title VII claims against Animal Health, and Animal Health has produced evidence that the Release was supported by adequate consideration. McGury has failed to submit any evidence at all, let alone evidence undermining the

validity of the Release. Accordingly, no genuine issue of material fact exists as to whether McGary is barred from bringing this Title VII action. Summary judgment for Animal Health is appropriate. *See Okonkwo v. Schlumberger Technology Corp.*, 2013 WL 6248695 (S.D. Tex. 2013).

## IV.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Defendant's Traditional Motion for Summary Judgment Against Plaintiff Dawn M. McGury (Dkt. No. 29).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of November, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE