IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUANNE M. CLOPTON and § | | |
| DAWN M. McGURY, § | | |
| § | | |
| v. § | | A-13-CV-205-LY |
| § | | |
| ANIMAL HEALTH INTERNATIONAL, § | | |
| INC. f/k/a LEXTRON § | | |

**ORDER**

Before the Court are Defendant's Motion for Protective Order (Dkt. No. 39); and Plaintiffs' Response (Dkt. No. 42). Having considered the motion, response, and the entire case file, the Court enters the following Order.

**I.  BACKGROUND**

This is a sexual harassment, gender discrimination and retaliation suit. Plaintiffs Suanne Clopton ("Clopton") and Dawn McGury ("McGury")[1] are former employees of Animal Health International ("Animal Health").[2]  Animal Health is a distributor of animal health products, including vaccines and pharmaceuticals. Clopton worked as a sales in representative in Animal Health's Lago Vista, Texas office from February 2008 until she resigned on June 9, 2011. Dkt. No. 1 at 3. She complains that she was sexually harassed by the warehouse staff and that she was retaliated against after the manager of the warehouse was fired based upon her complaints. McGury worked as a purchasing manager in Animal Health's Lago Vista, Texas office from July 7, 2007, until she resigned on March 11, 2011.  *Id.*  McGury alleges that she was sexually harassed while employed at Animal Health and that she reported this harassment to various managers, but nothing

---

[1]McGury's claims are addressed in a Report and Recommendation filed November 13, 2014.

[2]Animal Health was known as Lextron until it changed its name In June 2011.

was done.  McGury alleges she ultimately resigned from Animal Health because of the ongoing harassment.  *Id.*

Animal Health now seeks an order compelling Plaintiffs to return a document that it claims was inadvertently produced in the course of discovery and seeks to strike certain portions of the deposition of Human Resources Manager Jonathan Ewert referring to that document.  Animal Health asserts that the document is protected by the work product privilege.  Plaintiffs respond that the document is not privileged and even if privileged, Animal Health has waived the privilege.

On May 6, 2014, Defendant produced, among other documents, a two-page email marked AHI 000071-000072.  *See* Dkt. No. 39-4.  The e-mail was dated May 25, 2011, and was sent by a human resources employee, Jonathan Ewert, to Clopton's supervisor.  Three other company employees—none of whom are attorneys—were copied on the email.  The e-mail was entitled "Suanne Clopton's Performance Meeting," and was included in a series of emails regarding Suanne Clopton's work performance. Dkt. No. 42-1.  The e-mail generally states what needs to be done by Clopton's supervisors to document Clopton's work performance.  The e-mail states in part:

> In talking with the attorneys they have recommended that we address specific concerns that Melissa has with Suanne's performance in the shared territory – I'll help you prep for this before we talk to her. . . .Ultimately the fear is that no matter what is done, Suanne will attempt to sue for retaliation.  And, as we have no real written performance documentation in file, we need to create the file with what we have.

Dkt. No. 39-4.

For over five months after the document was disclosed, Animal Health never claimed it was inadvertently disclosed.  Then, on October, 22, 2014, Plaintiffs deposed Jonathan Ewert (who is no longer employed by Animal Health).  During the deposition, Plaintiffs' counsel sought to examine Ewert regarding the e-mail.  When the e-mail was identified as an exhibit to the deposition, Animal

Health's counsel objected to the use of the document as privileged, asserted that it was inadvertently produced, and requested its return pursuant to the Federal Rules of Civil Procedure. It now seeks a Protective Order on those same bases.

## II.  ANALYSIS

The federal work product doctrine, as codified in Rule 26(b)(3), provides for the qualified protection of documents and tangible things prepared by or for a party or that party's representative "in anticipation of litigation or for trial." FED. R. CIV. P. 26(b)(3). Determining whether a document is prepared in anticipation of litigation is a "slippery task." *Minis v. Dallas County*, 230 F.R.D. 479, 483 (N.D. Tex. 2005) (*citing United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982), cert. denied, 466 U.S. 944 (1984)). A document need not be generated in the course of an ongoing lawsuit to qualify for work product protection. *Id.* However, "the primary motivating purpose" behind the creation of the document must be to aid in possible future litigation. *In re Kaiser Aluminum & Chemical Co.*, 214 F.3d 586, 593 (5th Cir. 2000), *cert. denied*, 532 U.S. 919 (2001). As the advisory committee notes to Rule 26(b)(3) make clear, "[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision." FED. R. CIV. P. 26, advisory committee's note to 1970 amendment; *see also El Paso Co.*, 682 F.2d at 542. It is not, however, dispositive that the documents were prepared by plaintiffs and not by attorneys, as the rule protects documents prepared by or for a party, as long as they are prepared in anticipation of litigation. *United States v. Nobles*, 422 U.S. 225, 238–39 (1975).

The e-mail in issue was not prepared in anticipation of litigation. The primary motivating purpose of the e-mail was to discuss how best to document Clopton's poor work performance and

how to approach her performance issues. The author of the email, Jonathan Ewert, testified explicitly that the primary purpose of the email was to discuss Ms. Clopton's performances issues and her supervisor's frustration. Ewert Deposition, Dkt. No. 42-2 at 111:20-112:1. The email is entitled "Suanne Clopton's Performance Meeting." Dkt. No. 42-1. The email was generated only a week after Clopton's primary harasser was terminated and while Clopton was still an employee of the company. The email was sent to her direct supervisor, and copied on the email were: (1) Ewert's human resources supervisor, (2) Clopton's supervisor's supervisor, and (3) the head manager of the location where Clopton worked. *Id.* It appears that this document was created for a business purpose other than litigation. Documents created for a business purpose are not covered by the work-product protection. *See Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004) (documents created for a business purpose are not protected even though the "information developed … may be helpful in legal proceedings").

Because the e-mail is not privileged under the work product doctrine, Defendant's Motion for Protective Order (Dkt. No. 39) IS DENIED.

SIGNED this 8th day of December, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE